GULOTTA, Judge
(dissenting).
I respectfully dissent from the conclusions reached by the majority herein. The effect of their determination is to find that the trial judge has abused the broad latitude and discretion placed in him. In few areas, if any, is the trial judge’s discretion to be given greater weight than in the determination of custody. The reason is obvious. Many things are discernible to the trial judge not perceptible from a written record. In two separate contradictory proceedings before different trial judges, the custody was permitted to remain with the wife. In the second hearing, the trial judge was aware of an admonition given to the wife in the prior proceedings and that any continuation of her deleterious conduct could result in the removal of custody. Notwithstanding, he permitted custody to remain with the mother. The reprehensible action and conduct of Mrs. Spencer can in no way be condoned nor excused; however, the record indicates that Mrs. Spencer did care for the needs of the children. Moreover, while her indiscretions were continuous, they were not conducted in the presence of the children.
Were I not of the opinion that the broadest discretion must be afforded to the trial judge in custody matters, my conclusions might concur with the majority; however, with this concept deeply imbedded, my conclusion is to the contrary.
Accordingly, I respectfully dissent.